Presented to the Court by the foreman of the
Grand Jury in open Court, in the presence of
the Grand Jury and FILED in the U.S.
DISTRICT COURT at Seattle, Washington.

August 26 ____ 20 21
Ravi Subramanian, Clerk
By _Stefani Bath_ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

(1)  CESAR VALDEZ-SANUDO,
(2)  OMAR VAZQUEZ-LIMON,
(3)  AARON ALARCON-CASTANEDA
     (aka SOBRINO),
(4)  JOSE LUIS ARREDONDO-VALDEZ
     (aka PRIMO),
(5)  YVETTE Y. OLGUIN,
(6)  FAUSTO PAZ (aka GORDITO),
(7)  GABRIEL VAZQUEZ-RUIZ,
(8)  STEVEN R. DELVECCHIO,
(9)  TRACY HAWKINS,
(10) WAYNE A. J. FRISBY (aka MAC
     WAYNE),
(11) KEITH A. SILVERSON,
(12) ANA PACHECO, and
(13) CLINT SCHLOTFELDT,
            Defendants.

CASE NO. 20-217JCC

**SUPERSEDING INDICTMENT**

The Grand Jury charges that:

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 1

## COUNT 1
### (Conspiracy to Distribute Controlled Substances)

Beginning at a time unknown and continuing until on or about December 16, 2020, at King, Snohomish, Lewis, and Pierce Counties, within the Western District of Washington, and elsewhere, CESAR VALDEZ-SANUDO, OMAR VAZQUEZ-LIMON, AARON ALARCON-CASTANEDA, JOSE LUIS ARREDONDO-VALDEZ, YVETTE Y. OLGUIN, FAUSTO PAZ, GABRIEL VAZQUEZ-RUIZ, STEVEN R. DELVECCHIO, TRACY HAWKINS, WAYNE A. J. FRISBY, KEITH A. SILVERSON, ANA PACHECO, and others known and unknown, did knowingly and intentionally conspire to distribute substances controlled under Title 21, United States Code, Section 812, to wit: methamphetamine, heroin, cocaine, and N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), contrary to the provisions of Title 21, United States Code.

### *Specific Quantity Allegations as to Methamphetamine*

The Grand Jury further alleges that with respect to CESAR VALDEZ-SANUDO, OMAR VAZQUEZ-LIMON, AARON ALARCON-CASTANEDA, JOSE LUIS ARREDONDO-VALDEZ, YVETTE Y. OLGUIN, FAUSTO PAZ, GABRIEL VAZQUEZ-RUIZ, STEVEN R. DELVECCHIO, TRACY HAWKINS, WAYNE A. J. FRISBY, KEITH A. SILVERSON, and ANA PACHECO, their conduct as members of the conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of the other members of the conspiracy charged in Count 1, involved 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(b)(1)(A).

### *Specific Quantity Allegations as to Heroin*

The Grand Jury further alleges that with respect to CESAR VALDEZ-SANUDO, OMAR VAZQUEZ-LIMON, JOSE LUIS ARREDONDO-VALDEZ, YVETTE Y.

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  OLGUIN, and WAYNE A. J. FRISBY, their conduct as members of the conspiracy

2  charged in Count 1, which includes the reasonably foreseeable conduct of the other

3  members of the conspiracy charged in Count 1, involved 1 kilogram or more of a mixture

4  or substance containing a detectable amount of heroin, in violation of Title 21, United

5  States Code, Section 841(b)(1)(A).

6      The Grand Jury further alleges that with respect to STEVEN R. DELVECCHIO,

7  TRACY HAWKINS, and KEITH A. SILVERSON, their conduct as members of the

8  conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of the

9  other members of the conspiracy charged in Count 1, involved 100 grams or more of a

10  mixture or substance containing a detectable amount of heroin, in violation of Title 21,

11  United States Code, Section 841(b)(1)(B).

12          ***Specific Quantity Allegations as to Cocaine***

13      The Grand Jury further alleges that with respect to CESAR VALDEZ-SANUDO

14  and GABRIEL VAZQUEZ-RUIZ, their conduct as members of the conspiracy charged in

15  Count 1, which includes the reasonably foreseeable conduct of the other members of the

16  conspiracy charged in Count 1, involved 500 grams or more of a mixture or substance

17  containing a detectable amount of cocaine, in violation of Title 21, United States Code,

18  Section 841(b)(1)(B).

19          ***Specific Quantity Allegations as to Fentanyl***

20      The Grand Jury further alleges that this with respect to CESAR VALDEZ-

21  SANUDO, OMAR VAZQUEZ-LIMON, and JOSE LUIS ARREDONDO-VALDEZ,

22  their conduct as members of the conspiracy charged in Count 1, which includes the

23  reasonably foreseeable conduct of the other members of the conspiracy charged in Count

24  1, involved 400 grams or more of a mixture or substance containing a detectable amount

25  of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

26      The Grand Jury further alleges that with respect to STEVEN R. DELVECCHIO,

27  his conduct as a member of the conspiracy charged in Count 1, which includes the

28  reasonably foreseeable conduct of the other members of the conspiracy charged in Count

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1, involved 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(B).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1), and 846.

## COUNT 2
### (Possession with Intent to Distribute – Methamphetamine)

On or about November 11, 2020, at King, Snohomish, and Lewis Counties, within the Western District of Washington and elsewhere, CESAR VALDEZ-SANUDO, AARON ALARCON-CASTANEDA, and FAUSTO PAZ did knowingly and intentionally possess with the intent to distribute, and aid and abet the possession of with intent to distribute, methamphetamine, a substance controlled under Title 21, United States Code, Section 812.

The Grand Jury further alleges that this offense involved 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers.

The Grand Jury further alleges that this offense was committed during and in furtherance of the conspiracy charged in Count 1, above.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT 3
### (Conspiracy to Commit Money Laundering)

The allegations set forth in the foregoing Counts of this Indictment are incorporated by reference as if fully stated herein.

Beginning at a time unknown to the Grand Jury, but within the last five years, and continuing through December 15, 2020, at Snohomish, King and Pierce Counties, within the Western District of Washington, and elsewhere, the defendants CESAR VALDEZ-SANUDO, YVETTE Y. OLGUIN, CLINT SCHLOTFELDT, and others known and unknown, did knowingly combine, conspire, and agree with each other and with other

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 4

1 | persons known and unknown to the Grand Jury to commit offenses against the United
2 | States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

### 1956(a)(1)(A)(i) (Promotion)

3 |
4 |     To knowingly conduct and attempt to conduct financial transactions affecting
5 | interstate and foreign commerce, which involved the proceeds of a specified unlawful
6 | activity, that is, Conspiracy to Distribute Controlled Substances, in violation of Title 21,
7 | United States Code, Section 846, as charged in Count 1, with the intent to promote the
8 | carrying on of the Conspiracy to Distribute Controlled Substances, knowing that the
9 | property involved in the financial transactions represented the proceeds of some form of
10 | unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

### 1956(a)(1)(B)(i) (Concealment)

11 |
12 |     To knowingly conduct and attempt to conduct financial transactions affecting
13 | interstate and foreign commerce, which transactions involved the proceeds of a specified
14 | unlawful activity, that is, Conspiracy to Distribute Controlled Substances, in violation of
15 | Title 21, United States Code, Section 846, as charged in Count 1, knowing that the
16 | transactions were designed in whole or in part to conceal and disguise the nature,
17 | location, source, ownership, and control of the proceeds of specified unlawful activity,
18 | and knowing that the property involved in the financial transactions represented the
19 | proceeds of some form of unlawful activity, in violation of Title 18, United States Code,
20 | Section 1956(a)(1)(B)(i);

### 1956(a)(1)(B)(ii) (Structuring)

21 |
22 |     To knowingly conduct and attempt to conduct financial transactions affecting
23 | interstate and foreign commerce, which transactions involved the proceeds of specified
24 | unlawful activity, that is, Conspiracy to Distribute Controlled Substances, in violation of
25 | Title 21, United States Code, Section 846, as charged in Count 1, knowing that the
26 | transactions were designed in whole and in part to avoid a transaction reporting
27 | requirement under Federal law, and knowing that the property involved in the financial
28 |

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al. - 5*

1  transactions, represented the proceeds of some form of unlawful activity, in violation of

2  Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

3  *1957(a)(1) (Spending)*

4       To knowingly engage and attempt to engage, in monetary transactions by, through

5  or to a financial institution, affecting interstate and foreign commerce, in criminally

6  derived property of a value greater than $10,000, such property having been derived from

7  a specified unlawful activity, that is, Conspiracy to Distribute Controlled Substances, in

8  violation of Title 21, United States Code, Section 846, as charged in Count 1, in violation

9  of Title 18, United States Code, Section 1957(a).

10  *Object of the Conspiracy*

11       The object of the money laundering conspiracy was to conceal and disguise the

12  location, source, ownership, and control of the proceeds of the Conspiracy to Distribute

13  Controlled Substances, in violation of Title 21, United States Code, Section 846; to

14  promote the carrying on of the Conspiracy to Distribute Controlled Substances; to avoid

15  triggering transaction reporting requirements; and to spend the proceeds of the

16  Conspiracy to Distribute Controlled Substances, through the following manner and

17  means.

18  *Manner and Means of the Money Laundering Conspiracy*

19       It was part of the conspiracy that CESAR VALDEZ-SANUDO and others known

20  and unknown to the Grand Jury used United States currency that they knew or should

21  have known represented the proceeds of some form of unlawful activity to play slot

22  machines, electronic "scratch" tickets, and other electronic gambling devices operated by

23  casinos.

24       It was further part of the conspiracy that CESAR VALDEZ-SANUDO and others

25  known and unknown to the Grand Jury gambled sufficient proceeds at such slot machines

26  over the course of a lengthy time period, such that the coconspirators ensured that their

27  gambling activity would result in a significant number of "jackpots."

28       It was further part of the conspiracy that CESAR VALDEZ-SANUDO and others

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 6

1  known and unknown to the Grand Jury cashed out these jackpot winnings in the form of
2  United States currency and checks drawn against the casinos' bank accounts.
3      It was further part of the conspiracy that CESAR VALDEZ-SANUDO, YVETTE
4  Y. OLGUIN, and others known and unknown to the Grand Jury, retained such cash and
5  check gambling winnings, deposited the winnings into bank accounts they controlled, and
6  then used the bank accounts to conduct other financial and monetary transactions, thereby
7  making it appear that their income resulted from gambling and further concealing the
8  source of the funds used to conduct these transactions.
9      It was further part of the conspiracy that CESAR VALDEZ-SANUDO, YVETTE
10  Y. OLGUIN, and others known and unknown to the Grand Jury created a revocable trust
11  and opened Bank of America account no. -6007, held in the name of the trust, which they
12  also used to conceal the ownership and control of the proceeds.
13      It was further part of the conspiracy that CESAR VALDEZ-SANUDO, YVETTE
14  Y. OLGUIN, and others known and unknown to the Grand Jury deposited the proceeds of
15  the Conspiracy to Distribute Controlled Substances, including gambling winnings
16  traceable to such proceeds, into Bank of America account no. -6007.
17      It was further part of the conspiracy that CESAR VALDEZ-SANUDO, YVETTE
18  Y. OLGUIN, and others known and unknown to the Grand Jury collected Form W-2 Gs
19  from casinos, reflecting the winnings from gambling drug proceeds, for the purpose of
20  making their joint drug income appear legitimate.
21      It was further part of the conspiracy that CESAR VALDEZ-SANUDO, YVETTE
22  Y. OLGUIN, and others known and unknown to the Grand Jury filed these W-2 Gs with
23  their respective federal tax returns, for the purpose of concealing the true nature and
24  source of the United States currency, checks, and funds in their possession and control.
25      It was further part of the conspiracy that CESAR VALDEZ-SANUDO, YVETTE
26  Y. OLGUIN, CLINT SCHLOTFELDT, and others known and unknown to the Grand
27  Jury, used, attempted to use, and aided and abetted the use of funds and United States
28  currency that they knew or should have known represented the proceeds of some form of

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  unlawful activity to purchase, to attempt to purchase, and to aid and abet the purchase of
2  real properties, with the intent that such properties would promote the carrying on of
3  specified unlawful activity, that is the Conspiracy to Distribute Controlled Substances, by
4  providing a physical location at which the drug conspirators could store and distribute
5  controlled substances.

6       It was further part of the conspiracy that CESAR VALDEZ-SANUDO, CLINT
7  SCHLOTFELDT, and others known and unknown to the Grand Jury deposited funds that
8  they knew or should have known represented the proceeds of some form of unlawful
9  activity into Washington Federal bank account no. -9467 held in the name of Littlewood
10 Properties, LLC, for the purpose of concealing the ownership and control of the proceeds.

11      It was further part of the conspiracy that CESAR VALDEZ-SANUDO, CLINT
12 SCHLOTFELDT, and others known and unknown to the Grand Jury planned to use the
13 funds in Washington Federal bank account no. -9467 to purchase other real property,
14 further concealing the nature of the drug proceeds.

15      It was further part of the conspiracy that CESAR VALDEZ-SANUDO, YVETTE
16 Y. OLGUIN, and others known and unknown to the Grand Jury deposited and aided and
17 abetted the depositing of United States currency that they knew or should have known
18 represented the proceeds of some form of unlawful activity into a bank account held in
19 the name of YVETTE Y. OLGUIN, Chase bank account no. -9201, in a manner designed
20 to avoid transaction reporting requirements by breaking the deposit up into multiple
21 transactions of smaller amounts designed to fall below the bank's reporting threshold.

22      It was further part of the conspiracy that CESAR VALDEZ-SANUDO, YVETTE
23 Y. OLGUIN, CLINT SCHLOTFELDT, and others known and unknown to the Grand
24 Jury engaged, attempted to engage, and aided and abetted the engaging in monetary
25 transactions involving United States currency, checks, funds, and other property, all with
26 values greater than $10,000 and all having been derived from the Conspiracy to
27 Distribute Controlled Substances, such monetary transactions including, but not limited
28 to, deposits, withdrawals, wire transfers, negotiation of business checks, purchases of

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | cashier's checks, and purchases of real properties, automobiles, and recreational vehicles.

2 | It was further part of the conspiracy that CESAR VALDEZ-SANUDO transferred

3 | to CLINT SCHLOTFELDT tens of thousands of dollars in United States currency that

4 | they knew or should have known represented the proceeds of some form of unlawful

5 | activity, for the purpose of concealing and disguising the nature, location, source,

6 | ownership, and control of the proceeds.

7 | In furtherance of the objects of the conspiracy, and to attain the ends thereof, on or

8 | about the below dates, one or more of CESAR VALDEZ-SANUDO, YVETTE Y.

9 | OLGUIN, CLINT SCHLOTFELDT, and others known and unknown to the Grand Jury

10 | conducted, caused to be conducted, and aided and abetted the conducting of the following

11 | financial and monetary transactions, among others:

| Date | Amount | Description of Transactions |
|---|---|---|
| 11/21/2019 | $17,865.00 | Payment of United States currency to Rodland Toyota |
| 01/25/2020 | $11,000.00 | Payment of United States currency to Titus Will Chevrolet |
| 05/14/2020 | $32,000.00 | Payment of United States currency to Coyne Powersports |
| 05/27/2020 | $6,000.00 | Deposit of United States currency in Bank of America account no. -6007 |
| 06/01/2020 | $20,448.04 | Deposit of United States currency and multiple casino checks in Bank of America account no. -6007 |
| 06/01/2020 | $20,026.11 | Purchase of cashier's check drawn against Bank of America account no. -6007 |
| 06/03/2020 | $3,616.75 | Deposit of casino check in Bank of America account no. -6007 |
| 06/04/2020 | $8,068.50 | Deposit of United States currency and casino check in Bank of America account no. -6007 |
| 06/09/2020 | $11,320.00 | Deposit of multiple casino checks in Bank of America account no. -6007 |
| 06/23/2020 | $5,000 | Deposit of casino check in Bank of America account no. -6007 |
| 06/29/2020 | $25,000.00 | Deposit of casino check in Bank of America account no. -6007 |
| 07/07/2020 | $12,420.00 | Payment from funds in Bank of America account no. -6007 to Holidale.com |
| 07/10/2020 | $41,900.00 | Payment of United States currency to Coyne Powersports |
| 07/20/2020 | $9,731.62 | Deposit of United States currency and multiple casino checks in Bank of America account no. -6007 |

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Date | Amount | Description of Transactions |
|---|---|---|
| 08/15/2020 | $14,880.00 | Payment of United States currency to Angel of The Winds Casino |
| 08/21/2020 | $6,733.91 | Deposit of United States currency and casino check in Bank of America account no. -6007 |
| 08/24/2020 | $10,200.00 | Payment of United States currency to Angel of The Winds Casino |
| 08/26/2020 | $22,150.00 | Deposit of multiple casino checks in Bank of America account no. -6007 |
| 09/02/2020 | $5,095.00 | Deposit of casino check in Bank of America account no. -6007 |
| 09/11/2020 | $5,015.00 | Purchase of cashier's check with funds from Bank of America account no. -6007 |
| 09/15/2020 | $15,161.00 | Payment of United States currency at Angel of The Winds Casino |
| 09/17/2020 | $76,698.08 | Purchase of cashier's check with funds from Bank of America account no. -6007 |
| 09/20/2020 | $76,683.08 | Payment of Bank of America cashier's check #1103817212 to sellers of real property |
| 09/20/2020 | $5,000.00 | Payment of Bank of America cashier's check #1103817185 to sellers of real property |
| 10/01/2020 | $7,549.50 | Deposit of casino check in Bank of America account no. -6007 |
| 10/04/2020 | $13,350.00 | Payment of United States currency at Angel of The Winds Casino |
| 10/06/2020 | $45,000.00 | Deposit of casino check in Bank of America account no. -6007 |
| 10/22/2020 | $20,000.00 | Deposit of casino check in Washington Federal Bank account no. -9467 |
| 11/06/2020 | $17,900.00 | Multiple deposits of United States currency in Chase Bank account no. -9201 |

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 4
### (Money Laundering)

The allegations set forth in the foregoing Counts of this Indictment are incorporated by reference as if fully stated herein.

On or about July 10, 2020, at Riverside County, in the Central District of California, and elsewhere, defendants CESAR VALDEZ-SANUDO and YVETTE Y.

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   OLGUIN did knowingly engage, attempt to engage, and aid and abet the engaging in a

2   monetary transaction by, through, or to a financial institution, affecting interstate and

3   foreign commerce, in criminally derived property of a value greater than $10,000, that is

4   the exchange of $41,900 in United States currency with Coyne Powersports, such

5   property having been derived from a specified unlawful activity, that is, Conspiracy to

6   Distribute Controlled Substances, which occurred within the Western District of

7   Washington, and elsewhere, in violation of Title 21, United States Code, Section 846, as

8   charged in Count 1, and having been transferred from the Western District of Washington

9   to the Central District of California by defendants CESAR VALDEZ-SANUDO and

10  YVETTE Y. OLGUIN.

11       The Grand Jury further alleges that this offense was committed during and in

12  furtherance of the conspiracy charged in Count 3, above.

13       All in violation of Title 18, United States Code, Section 1957, and Title 18, United

14  States Code, Section 2.

## COUNT 5
### (Money Laundering)

17       The allegations set forth in the foregoing Counts of this Indictment are

18  incorporated by reference as if fully stated herein.

19       On or about August 15, 2020, at Snohomish County, in the Western District of

20  Washington, and elsewhere, defendant CESAR VALDEZ-SANUDO did knowingly

21  conduct and attempt to conduct a financial transaction affecting interstate and foreign

22  commerce, to wit:  the payment of United States currency to Angel of the Winds Casino,

23  which involved the proceeds of a specified unlawful activity, that is, Conspiracy to

24  Distribute Controlled Substances, in violation of Title 21, United States Code, Section

25  846, as charged in Count 1, knowing that the transaction was designed in whole and in

26  part to conceal and disguise, the nature, location, source, ownership, and control of the

27  proceeds of said specified unlawful activity, and knowing that the property involved in

28  the financial transaction represented the proceeds of some form of unlawful activity, that

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  is, Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States

2  Code, Section 846, as charged in Count 1.

3      The Grand Jury further alleges that this offense was committed during and in

4  furtherance of the conspiracy charged in Count 3, above.

5      All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Title

6  18, United States Code, Section 2.

7  **COUNT 6**
8  **(Money Laundering)**

9      The allegations set forth in the foregoing Counts of this Indictment are

10  incorporated by reference as if fully stated herein.

11      On or about September 20, 2020, at Snohomish County, in the Western District of

12  Washington, and elsewhere, defendants CESAR VALDEZ-SANUDO, YVETTE Y.

13  OLGUIN, and CLINT SCHLOTFELDT did knowingly conduct, attempt to conduct, and

14  aid and abet the conducting of a financial transaction affecting interstate and foreign

15  commerce, to wit:  the use of Bank of America cashier's check no. 1103817212 in the

16  amount of $76,683.08 as partial payment for the purchase of real property, which

17  involved the proceeds of a specified unlawful activity, that is, Conspiracy to Distribute

18  Controlled Substances, in violation of Title 21, United States Code, Section 846, as

19  charged in Count 1, (1) with the intent to promote the carrying on of the same specified

20  unlawful activity, and (2) knowing that the transaction was designed in whole and in part

21  to conceal and disguise, the nature, location, source, ownership, and control of the

22  proceeds of said specified unlawful activity, and knowing that the property involved in

23  the financial transaction represented the proceeds of some form of unlawful activity, that

24  is, Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States

25  Code, Section 846, as charged in Count 1.

26      The Grand Jury further alleges that this offense was committed during and in

27  furtherance of the conspiracy charged in Count 3, above.

28

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 12

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) and Title 18, United States Code, Section 2.

## COUNT 7
### (Money Laundering)

The allegations set forth in the foregoing Counts of this Indictment are incorporated by reference as if fully stated herein.

On or about October 22, 2020, at Snohomish County, in the Western District of Washington, and elsewhere, defendants CESAR VALDEZ-SANUDO and CLINT SCHLOTFELDT did knowingly engage, attempt to engage, and aid and abet the engaging in a monetary transaction by, through, or to one or more financial institutions, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the deposit of $20,000 in Washington Federal Bank account no. -9467, such property having been derived from a specified unlawful activity, that is, Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, as charged in Count 1.

The Grand Jury further alleges that this offense was committed during and in furtherance of the conspiracy charged in Count 3, above.

All in violation of Title 18, United States Code, Section 1957 and Title 18, United States Code, Section 2.

## COUNT 8
### (Money Laundering)

The allegations set forth in the foregoing Counts of this Indictment are incorporated by reference as if fully stated herein.

On or about November 6, 2020, at Snohomish County, in the Western District of Washington, and elsewhere, defendants CESAR VALDEZ-SANUDO and YVETTE Y. OLGUIN did knowingly conduct, attempt to conduct, and aid and abet the conducting of a financial transaction affecting interstate and foreign commerce, to wit: the deposit of United States currency in the aggregate amount of $17,900 in Chase Bank account no. -9201, which involved the proceeds of a specified unlawful activity, that is,

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States
2  Code, Section 846, as charged in Count 1, (1) knowing that the transaction was designed
3  in whole and in part to conceal and disguise, the nature, location, source, and control of
4  the proceeds of said specified unlawful activity, and (2) knowing that the transaction was
5  designed in whole and in part to avoid a transaction reporting requirement under Federal
6  law, and knowing that the property involved in the financial transaction represented the
7  proceeds of some form of unlawful activity.

8       The Grand Jury further alleges that this offense was committed during and in
9  furtherance of the conspiracy charged in Count 3, above.

10      All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and
11  1956(a)(1)(B)(ii) and Title 18, United States Code, Section 2.

12                              **COUNT 9**
13  **(Possession with Intent to Distribute – Methamphetamine, Heroin, and Fentanyl)**

14      On or about June 24, 2020, at Snohomish County, within the Western District of
15  Washington, STEVEN R. DELVECCHIO did knowingly and intentionally possess with
16  the intent to distribute, and aid and abet the possession of with intent to distribute,
17  methamphetamine, heroin, and fentanyl, substances controlled under Title 21, United
18  States Code, Section 812.

19      The Grand Jury further alleges that this offense involved 50 grams or more of
20  methamphetamine, its salts, isomers, and salts of its isomers, and 500 grams or more of a
21  mixture or substance containing a detectable amount of methamphetamine, its salts,
22  isomers, and salts of its isomers.

23      The Grand Jury further alleges that this offense involved 100 grams or more of a
24  mixture or substance containing a detectable amount of heroin.

25      The Grand Jury further alleges that this offense involved 40 grams or more of a
26  mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-
27  4-piperidinyl] propanamide (fentanyl).

28

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A),

2    841(b)(1)(B), and Title 18, United States Code, Section 2.

3    ### COUNT 10

4    **(Possession with Intent to Distribute – Methamphetamine, Heroin, and Fentanyl)**

5    On or about June 30, 2020, at Snohomish County, within the Western District of

6    Washington, TRACY HAWKINS did knowingly and intentionally possess with the

7    intent to distribute, and aid and abet the possession of with intent to distribute,

8    methamphetamine, heroin, and fentanyl, substances controlled under Title 21, United

9    States Code, Section 812.

10   The Grand Jury further alleges that this offense involved 50 grams or more of

11   methamphetamine, its salts, isomers, and salts of its isomers, and 500 grams or more of a

12   mixture or substance containing a detectable amount of methamphetamine, its salts,

13   isomers, and salts of its isomers.

14   The Grand Jury further alleges that this offense involved 100 grams or more of a

15   mixture or substance containing a detectable amount of heroin.

16   The Grand Jury further alleges that this offense was committed during and in

17   furtherance of the conspiracy charged in Count 1, above.

18   All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A),

19   841(b)(1)(B), 841(b)(1)(C), and Title 18, United States Code, Section 2.

20   ### COUNT 11

21   **(Possession with Intent to Distribute – Methamphetamine, Heroin, and Fentanyl)**

22   On or about December 16, 2020, at Snohomish County, within the Western

23   District of Washington, CESAR VALDEZ-SANUDO and JOSE LUIS ARREDONDO-

24   VALDEZ did knowingly and intentionally possess with the intent to distribute, and aid

25   and abet the possession of with intent to distribute, methamphetamine, heroin, and

26   fentanyl, substances controlled under Title 21, United States Code, Section 812.

27   The Grand Jury further alleges that this offense involved 50 grams or more of

28   methamphetamine, its salts, isomers, and salts of its isomers, and 500 grams or more of a

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   mixture or substance containing a detectable amount of methamphetamine, its salts,

2   isomers, and salts of its isomers.

3         The Grand Jury further alleges that this offense involved 1 kilogram or more of a

4   mixture or substance containing a detectable amount of heroin.

5         The Grand Jury further alleges that this offense involved 400 grams or more of a

6   mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-

7   4-piperidinyl] propanamide (fentanyl).

8         The Grand Jury further alleges that this offense was committed during and in

9   furtherance of the conspiracy charged in Count 1, above.

10        All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A),

11   and Title 18, United States Code, Section 2.

12                              **COUNT 12**
13   **(Possession with Intent to Distribute – Methamphetamine, Heroin, and Fentanyl)**

14        On or about December 16, 2020, at Snohomish County, within the Western

15   District of Washington, STEVEN R. DELVECCHIO did knowingly and intentionally

16   possess with the intent to distribute, and aid and abet the possession of with intent to

17   distribute, methamphetamine, heroin, and fentanyl, substances controlled under Title 21,

18   United States Code, Section 812.

19        The Grand Jury further alleges that this offense involved 50 grams or more of

20   methamphetamine, its salts, isomers, and salts of its isomers, and 500 grams or more of a

21   mixture or substance containing a detectable amount of methamphetamine, its salts,

22   isomers, and salts of its isomers.

23        The Grand Jury further alleges that this offense involved 40 grams or more of a

24   mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-

25   4-piperidinyl] propanamide (fentanyl).

26        The Grand Jury further alleges that this offense was committed during and in

27   furtherance of the conspiracy charged in Count 1, above.

28

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 16

1    All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A),

2  841(b)(1)(B), 841(b)(1)(C), and Title 18, United States Code, Section 2.

3                              **COUNT 13**
                  **(Possession with Intent to Distribute –**
4       **Methamphetamine, Heroin, Cocaine Base, and Fentanyl)**

5        On or about December 16, 2020, at Snohomish County, within the Western

6  District of Washington, TRACY HAWKINS did knowingly and intentionally possess

7  with the intent to distribute, and aid and abet the possession of with intent to distribute,

8  methamphetamine, heroin, cocaine base, and fentanyl, substances controlled under Title

9  21, United States Code, Section 812.

10       The Grand Jury further alleges that this offense involved 50 grams or more of

11 methamphetamine, its salts, isomers, and salts of its isomers, and 500 grams or more of a

12 mixture or substance containing a detectable amount of methamphetamine, its salts,

13 isomers, and salts of its isomers.

14       The Grand Jury further alleges that this offense involved 100 grams or more of a

15 mixture or substance containing a detectable amount of heroin.

16       The Grand Jury further alleges that this offense was committed during and in

17 furtherance of the conspiracy charged in Count 1, above.

18       All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A),

19 841(b)(1)(B), 841(b)(1)(C), and Title 18, United States Code, Section 2.

20                              **COUNT 14**
21     **(Possession with Intent to Distribute – Methamphetamine and Heroin)**

22       On or about December 16, 2020, at King County, within the Western District of

23 Washington, KEITH A. SILVERSON did knowingly and intentionally possess with the

24 intent to distribute, and aid and abet the possession of with intent to distribute,

25 methamphetamine and heroin, substances controlled under Title 21, United States Code,

26 Section 812.

27       The Grand Jury further alleges that this offense involved 5 grams or more of

28 methamphetamine, its salts, isomers, and salts of its isomers.

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 17

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    The Grand Jury further alleges that this offense involved 100 grams or more of a

2 mixture or substance containing a detectable amount of heroin.

3    The Grand Jury further alleges that this offense was committed during and in

4 furtherance of the conspiracy charged in Count 1, above.

5    All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B),

6 and Title 18, United States Code, Section 2.

7                                        **COUNT 15**
8            **(Possession with Intent to Distribute – Methamphetamine)**

9    On or about December 16, 2020, at Pierce County, within the Western District of

10 Washington, ANA PACHECO did knowingly and intentionally possess with the intent to

11 distribute, and aid and abet the possession of with intent to distribute, methamphetamine,

12 a substance controlled under Title 21, United States Code, Section 812.

13    The Grand Jury further alleges that this offense involved 5 grams or more of

14 methamphetamine, its salts, isomers, and salts of its isomers, and 50 grams or more of a

15 mixture or substance containing a detectable amount of methamphetamine, its salts,

16 isomers, and salts of its isomers.

17    The Grand Jury further alleges that this offense was committed during and in

18 furtherance of the conspiracy charged in Count 1, above.

19    All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B),

20 and Title 18, United States Code, Section 2.

21                                        **COUNT 16**
22    **Carrying a Firearm During and in Relation to a Drug Trafficking Crime**

23    On or about December 16, 2020, at King County, within the Western District of

24 Washington, CESAR VALDEZ-SANUDO and JOSE LUIS ARREDONDO-VALDEZ,

25 during and in relation to the drug trafficking crime of Conspiracy to Distribute Controlled

26 Substances as charged in Count 1, above, did knowingly and intentionally carry, and did

27 aid and abet the carrying of, a firearm, to wit:

28    *a 1911 Colt .45mm pistol bearing serial number CCS024792;*

    *a Draco NK9 AK 9mm firearm bearing serial number RON2043384; and*

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 18

*a Kimber .380 pistol bearing serial number T0012683.*

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 17
### (Illegal Alien in Possession of a Firearm and Ammunition)

On or about December 16, 2020, at Snohomish County, within the Western District of Washington, JOSE LUIS ARREDONDO-VALDEZ, knowing himself to be an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, to wit:

*a Winchester 30-30, Model 94, rifle bearing serial number 4605070; and*

*a Colt 1911 pistol bearing serial number 413989;*

which had been shipped and transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 922(g)(5)(A).

## COUNT 18
### (Felon in Possession of a Firearm)

On or about December 16, 2020, at King County, within the Western District of Washington, KEITH A. SILVERSON, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:

*Possession with Intent to Deliver Heroin*, under cause number 15-1-04866-1, in Pierce County Superior Court, on or about December 12, 2016,

did knowingly possess, and did aid and abet the possession of, a firearm, to wit:  *a Smith & Wesson M&P handgun bearing serial number DXH3279*, which had previously traveled in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2.

## FORFEITURE ALLEGATION

All of the allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture.

Upon conviction of the offense charged in Count 1, the defendants CESAR VALDEZ-SANUDO, OMAR VAZQUEZ-LIMON, AARON ALARCON-

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 19

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  CASTANEDA, JOSE LUIS ARREDONDO-VALDEZ, YVETTE Y. OLGUIN,

2  FAUSTO PAZ, GABRIEL VAZQUEZ-RUIZ, STEVEN R. DELVECCHIO, TRACY

3  HAWKINS, WAYNE A. J. FRISBY, KEITH A. SILVERSON, and ANA PACHECO

4  shall each forfeit to the United States, pursuant to Title 21, United States Code, Section

5  853, any property that constitutes or is traceable to proceeds of the offense, as well as any

6  property that facilitated the offense including, but not limited to:

7        a.      The real property located at 21916 123rd Avenue NE, Arlington,

8                  Washington 98223, titled in the names of CESAR VALDEZ SANUDO and

9                  YVETTE YESENIA OLGUIN, Trustees of the Olguin-Valdez Family

10                 Trust, together with its buildings, improvements, appurtenances, fixtures,

11                 attachments, and easements;

12       b.      $11,610 in United States currency, seized on or about December 16, 2020,

13                 from the residence of Defendants YVETTE YESENIA OLGUIN and

14                 CESAR VALDEZ-SANUDO in Everett, Washington;

15       c.      $110,135.64 in United States funds, seized on or about December 18, 2020,

16                 from Bank of America, N.A. Acct. -6007, held in the name of The Olguin-

17                 Valdez Family Revocable Living Trust; and

18       d.      $4,364 in United States currency, seized on or about December 16, 2020,

19                 from Defendant KEITH A. SILVERSON.

20       Upon conviction of the offense charged in Count 2, the defendants CESAR

21 VALDEZ-SANUDO, AARON ALARCON-CASTANEDA, and FAUSTO PAZ shall

22 each forfeit to the United States, pursuant to Title 21, United States Code, Section 853,

23 any property that constitutes or is traceable to proceeds of the offense, as well as any

24 property that facilitated the offense.

25       Upon conviction of the offense charged in Count 3, the defendants CESAR

26 VALDEZ-SANUDO, YVETTE Y. OLGUIN, and CLINT SCHLOTFELDT shall each

27 forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1),

28

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 20

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | any property that constitutes or is traceable to proceeds of the offense, as well as any
2 | property that was involved in the offense including, but not limited to:

3     a.     The real property located at 21916 123rd Avenue NE, Arlington,
4             Washington 98223, titled in the names of CESAR VALDEZ SANUDO and
5             YVETTE YESENIA OLGUIN, Trustees of the Olguin-Valdez Family
6             Trust, together with its buildings, improvements, appurtenances, fixtures,
7             attachments, and easements;

8     b.     $11,610 in United States currency, seized on or about December 16, 2020,
9             from the residence of Defendants YVETTE YESENIA OLGUIN and
10            CESAR VALDEZ-SANUDO in Everett, Washington; and

11    c.     $110,135.64 in United States funds, seized on or about December 18, 2020,
12            from Bank of America, N.A. Acct. -6007, held in the name of The Olguin-
13            Valdez Family Revocable Living Trust.

14 | Upon conviction of either of the offenses charged in Counts 4 or 8, the defendants
15 | CESAR VALDEZ-SANUDO, YVETTE Y. OLGUIN, and CLINT SCHLOTFELDT
16 | shall each forfeit to the United States, pursuant to Title 18, United States Code, Section
17 | 982(a)(1), any property that constitutes or is traceable to proceeds of the offense, as well
18 | as any property that was involved in the offense.

19 | Upon conviction of the offense charged in Count 5, the defendant CESAR
20 | VALDEZ-SANUDO shall forfeit to the United States, pursuant to Title 18, United States
21 | Code, Section 982(a)(1), any property that constitutes or is traceable to proceeds of the
22 | offense, as well as any property that was involved in the offense.

23 | Upon conviction of the offense charged in Count 6, the defendants CESAR
24 | VALDEZ-SANUDO, YVETTE Y. OLGUIN, and CLINT SCHLOTFELDT shall each
25 | forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1),
26 | any property that constitutes or is traceable to proceeds of the offense, as well as any
27 | property that was involved in the offense including, but not limited to:
28 |

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 21

1       a.       The real property located at 21916 123rd Avenue NE, Arlington,

2               Washington 98223, titled in the names of CESAR VALDEZ SANUDO and

3               YVETTE YESENIA OLGUIN, Trustees of the Olguin-Valdez Family

4               Trust, together with its buildings, improvements, appurtenances, fixtures,

5               attachments, and easements; and

6       b.       $110,135.64 in United States funds, seized on or about December 18, 2020,

7               from Bank of America, N.A. Acct. -6007, held in the name of The Olguin-

8               Valdez Family Revocable Living Trust.

9       Upon conviction of the offense charged in Count 7, the defendants CESAR

10 VALDEZ-SANUDO and CLINT SCHLOTFELDT shall each forfeit to the United States,

11 pursuant to Title 18, United States Code, Section 982(a)(1), any property that constitutes

12 or is traceable to proceeds of the offense, as well as any property that was involved in the

13 offense.

14       Upon conviction of either of the offenses charged in Counts 9 or 12, the defendant

15 STEVEN R. DELVECCHIO shall forfeit to the United States, pursuant to Title 21,

16 United States Code, Section 853, any property that constitutes or is traceable to proceeds

17 of the offense, as well as any property that facilitated the offense.

18       Upon conviction of either of the offenses charged in Counts 10 or 13, the

19 defendant TRACY HAWKINS shall forfeit to the United States, pursuant to Title 21,

20 United States Code, Section 853, any property that constitutes or is traceable to proceeds

21 of the offense, as well as any property that facilitated the offense.

22       Upon conviction of the offense charged in Count 11, the defendants CESAR

23 VALDEZ-SANUDO and JOSE LUIS ARREDONDO-VALDEZ shall each forfeit to the

24 United States, pursuant to Title 21, United States Code, Section 853, any property that

25 constitutes or is traceable to proceeds of the offense, as well as any property that

26 facilitated the offense including, but not limited to:

27       a.       The real property located at 21916 123rd Avenue NE, Arlington,

28               Washington 98223, titled in the names of CESAR VALDEZ SANUDO and

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 22

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    YVETTE YESENIA OLGUIN, Trustees of the Olguin-Valdez Family

2    Trust, together with its buildings, improvements, appurtenances, fixtures,

3    attachments, and easements.

4    Upon conviction of the offense charged in Count 14, the defendant KEITH A.

5  SILVERSON shall forfeit to the United States, pursuant to Title 21, United States Code,

6  Section 853, any property that constitutes or is traceable to proceeds of the offense, as

7  well as any property that facilitated the offense.

8    Upon conviction of the offense charged in Count 15, the defendant ANA

9  PACHECO shall forfeit to the United States, pursuant to Title 21, United States Code,

10  Section 853, any property that constitutes or is traceable to proceeds of the offense, as

11  well as any property that facilitated the offense.

12    Upon conviction of the offense charged in Count 16, the defendants CESAR

13  VALDEZ-SANUDO and JOSE LUIS ARREDONDO-VALDEZ shall each forfeit to the

14  United States, pursuant to Title 18, United States Code, Section 924(d)(1), by way of

15  Title 28, United States Code, Section 2461(c), any firearms, ammunition, or accessories

16  involved in the commission of such offense.

17    Upon conviction of the offense charged in Count 17, the defendant JOSE LUIS

18  ARREDONDO-VALDEZ shall forfeit to the United States, pursuant to Title 18, United

19  States Code, Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c),

20  any firearms, ammunition, or accessories involved in the commission of such offense.

21    Upon conviction of the offense charged in Count 18, the defendant KEITH A.

22  SILVERSON shall forfeit to the United States, pursuant to Title 18, United States Code,

23  Section 924(d)(1), by way of Title 28, United States Code, Section 2461(c), any firearms,

24  ammunition, or accessories involved in the commission of such offense.

25    **Substitute Assets.** If any of the property described above, as a result of any act or

26  omission of the defendant:

27    a.    cannot be located upon the exercise of due diligence;

28    b.    has been transferred or sold to, or deposited with, a third party;

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 23

1

2

3

4

5

6 //

7 //

8 //

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or,

      e.      has been commingled with other property which cannot be divided without difficulty,

SUPERSEDING INDICTMENT
*United States v. Cesar VALDEZ-SANUDO, et al.* - 24

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  it is the intent of the United States, pursuant to Title 21, United States Code, Section
2  853(p), to seek the forfeiture of any other property of the defendants up to the value of
3  the above-described forfeitable property.

4

5  A TRUE BILL:

6  DATED:   25 Avg 2021

7

8  *(Signature of Foreperson redacted*
9  *pursuant to the policy of the Judicial*
   *Conference of the United States)*

10

11  _____

12  FOREPERSON

13  TESSA M. GORMAN
14  Acting United States Attorney

15

16

17  VINCENT T. LOMBARDI
   Assistant United States Attorney

18

19
   AMY JAQUETTE
20  Assistant United States Attorney
21

22
23  C. ANDREW COLASURDO
24  Assistant United States Attorney

25
26
   JEHIEL I. BAER
27  Assistant United States Attorney

28