THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>CESAR VALDEZ-SANUDO, *et al.*,<br><br>            Defendants. | CASE NO. CR20-0217-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Steven R. Del Vecchio's motion to continue trial (Dkt. No. 252).

In December 2020, a grand jury indicted 11 defendants in this case with a variety of crimes relating to an alleged conspiracy to distribute controlled substances. (*See generally* Dkt. No. 1.) The charges stem from a multi-agency investigation into an alleged drug trafficking organization that began in January 2019 and led to the arrest and indictment of 20 defendants in July 2020 in the companion case, *United States v. Gomez-Marentes, et al.*, Case No. CR20-0092-JCC (W.D. Wash. 2020). (Dkt. No. 112 at 3.) Further investigation led to the instant indictment, which involved numerous court-authorized wiretaps and thousands of hours of surveillance. (*Id.*) Due to these factors, the Court previously granted the Government's motion to continue trial from February 2021 to January 31, 2022. (Dkt. No. 131.)

Defendant Del Vecchio now moves to continue trial to a date no earlier than September 2022 because of the complexity of the case and the voluminous discovery, which currently amounts to 158,933 pages, and counsel's schedule. (Dkt. No. 252 at 1–2.) The Government agrees that a continuance is "both necessary and appropriate." (Dkt. No. 257 at 5.) It asserts that it does not anticipate being ready to try this case until June because of the companion case for trial in May, with which much of the discovery in this case overlaps. (*Id.* at 2, 4.) It further notes that government counsel is unavailable in August. (*Id.* at 2.)

Through counsel, Defendant Gabriel Vazquez-Ruiz, who is presently detained pending trial, objects to any continuance but does not provide the basis for his objection.[1] (Dkt. No. 254.) Defendant Del Vecchio's motion and affidavit indicates that all but one defendant joins this request. (Dkt. No. 252 at 2). Defendant Del Vecchio and four of the remaining defendants—Tracy Hawkins, Keith Silverson, Yvette Olguin, and Clint Schlotfeldt—have filed speedy trial waivers through at least September 2022.[2] (Dkt. Nos. 253, 259, 262, 264, 266.)

Having thoroughly considered the parties' briefing and the relevant record, the Court FINDS as follows:

1. This is a complex case due to the number of defendants and corresponding volume of discovery to be provided and it is unreasonable to expect adequate preparation for pretrial proceedings or trial as those dates are currently set, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).

---

[1] Defendant Vazquez-Ruiz is currently detained (Dkt. No. 66), along with many of his co-defendants, (*See* Dkt. Nos. 83, 91, 94, 146, 172, 192). In its detention order, the Court noted Defendant Vazquez-Ruiz is alleged to have participated in the conspiracy for an extended time, is a foreign national, provided no information about ties to the community, health, employment, family situation, mental health, or substance use, and presented no argument that would support release. (Dkt. No. 66 at 1–3.) Defendant Cesar Valdez-Sanudo, who is also currently detained (*See* Dkt. Nos. 83, 155), initially filed a partial objection (Dkt. No. 255) to the motion but subsequently moved to withdraw his objection (Dkt. No. 270). The Court GRANTS the motion.

[2] Defendant Silverson is an exception: He filed his speedy trial waiver through August 31, 2022. (Dkt. No. 262 at 1.)

ORDER
CR20-0217-JCC
PAGE - 2

2. The failure to grant a continuance would deny the parties continuity of counsel and the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

3. The failure to grant a continuance would result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).

4. The ends of justice will be served by granting a continuance, as it is necessary to ensure adequate time for case preparation, and the ends of justice served outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

5. The period of delay for the co-defendant opposing a continuance is reasonable. *See* 18 U.S.C. § 3161(h)(6).

For the foregoing reasons, the Court GRANTS the Defendant's motion to continue trial (Dkt. No. 252). The trial is hereby CONTINUED to September 6, 2022, at 9:30 a.m. The Court further ORDERS that the time between the date of this order and September 6, 2022, is excludable time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), (B)(ii), and (B)(iv). The Court DIRECTS the parties to file pretrial motions no later than sixty days prior to the trial date.

DATED this 3rd day of December 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE