THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CESAR VALDEZ-SANUDO, *et al.*,<br><br>Defendants. | CASE NO. CR20-0217-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Aaron Alarcon-Castaneda's motion to continue trial (Dkt. No. 364).

In December 2020, a grand jury indicted 11 defendants in this case with several crimes relating to an alleged conspiracy to distribute controlled substances (*See generally* Dkt. No. 1.) The charges stemmed from a wide-sweeping, multi-agency investigation. (*Id.*) Trial has been twice continued and is currently set for September 6, 2022. (Dkt. Nos. 131, 283.)

Defendant Alarcon-Castaneda now moves to continue the trial date to April 24, 2023. (Dkt. No. 364.) His current defense counsel was appointed in January 2022 (*Id.* at 3.) The Government fulfilled counsel's request to pull together discovery information concerning her client in March 2022. (*Id.*) Due to the voluminous nature of that discovery, she asserts continuance is necessary "so that she may effectively represent Mr. Alarcon in pretrial motions

and at trial." (*Id.*) In its response, the Government provides additional support for a continuance, citing the "more than 160,000 Bates-numbered items in discovery" and additional complications impacting the review of these materials. (Dkt. No. 374 at 2, 5.) It further indicates that both discovery efforts and plea negotiations remain ongoing in this matter. (*Id.* at 5–6.)

No oppositions to this motion have been filed and Defendant Alarcon-Castaneda asserts that all remaining defendants have agreed to a continuance.[1]

Having thoroughly considered the parties' briefing and the relevant record, the Court FINDS as follows:

1. This is a complex case due to the number of defendants and corresponding volume of discovery to be provided and it is unreasonable to expect adequate preparation for pretrial proceedings or trial as those dates are currently set, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).
2. The failure to grant a continuance would deny the Defendant continuity of counsel and the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).
3. The failure to grant a continuance would result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).
4. The ends of justice will be served by granting a continuance, as it is necessary to ensure adequate time for case preparation, and the ends of justice served outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).
5. The additional time requested is a reasonable period of delay, as the Defendant has requested more time for his counsel to prepare for trial, to investigate the matter, to

---

[1] Defendant Alarcon-Castaneda indicated that all but one of the remaining defendants had agreed to the continuance. (Dkt. No. 364 at 6.) In its response, the Government indicated that the final remaining defendant, Jose Arredondo-Valdez, has since agreed to the continuance. (Dkt. No. 374 at 10.)

gather evidence material to his defenses, and to consider possible defenses. The Defendant has indicated he will execute a speedy trial waiver and filed it separately with the Court.

For the foregoing reasons, the Court GRANTS the Defendant's motion to continue trial (Dkt. No. 364). The trial is hereby CONTINUED to April 24, 2023, at 9:30 a.m. The Court further ORDERS that the time between the date of this order and April 24, 2023, is excludable time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A).

The Court DIRECTS the parties to file pretrial motions no later than sixty days prior to the trial date.

DATED this 23rd day of June 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE