THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>CESAR VALDEZ-SANUDO,<br><br>   Defendant. | CASE NO. CR20-0217-JCC-1<br><br>ORDER |

This matter comes before the Court on Defendant's motion to reduce his sentence pursuant to Amendment 821 of the United States Sentencing Guidelines ("USSG") and 18 U.S.C. § 3582(c)(2) (Dkt. No. 720). Having considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

Defendant was sentenced on January 31, 2023, after pleading guilty to conspiracy to distribute controlled substances, conspiracy to commit money laundering, and carrying a firearm during and in relation to drug trafficking. (*See* Dkt. No. 550 at 1.) At sentencing, the Court calculated Defendant's total offense level to be 43, with Defendant falling in criminal history Category I. (*See* Dkt. No. 534 at 13.) This resulted in a sentencing guidelines range of life. (*Id.* at 17.) The Court then imposed a custodial sentence of 180 months. (*See* Dkt. No. 550 at 2.)

Defendant now asks for a reduction pursuant to Amendment 821 to the USSG. (*See* Dkt. No. 720.) This is based on Part B, Subpart 1 of the amendment, which provides a two-level

reduction in the offense level for certain zero-point offenders—that is, defendants with no criminal history whose offenses meet the guideline's criteria. *See* USSG § 4C1.1(a). The criteria includes, among other things,[1] that the defendant did not use violence nor possess a firearm in connection with the underlying offense. *Id.* § 4C1.1(a)(3), (7).

      Here, Defendant admitted to using violence, possessing multiple firearms in connection with this offense, and being a leader of the drug trafficking organization. (*See* Dkt. No. 377 at 9–15.) Thus, he fails to meet criteria (3), (7), and (10) and does not qualify for a reduction as a zero-point offender. Accordingly, Defendant's motion to reduce his sentence (Dkt. No. 720) is DENIED.

//
//
//
//
//

---

[1] The full list of criteria includes:

    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
    (4) the offense did not result in death or serious bodily injury;
    (5) the instant offense of conviction is not a sex offense;
    (6) the defendant did not personally cause substantial financial hardship;
    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
    (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
    (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
    (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels. USSG § 4C1.1(a).

*Id.*

DATED this 15th day of March 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE